CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed August 14, 2026**

**United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:**<br><br>**727 LOFTS BEST LIVING, LLC**<br><br>**Debtor.** | §<br>§<br>§<br>§<br>§ | **Case No. 26-32779-SGJ11**<br>**(Jointly Administered)**<br><br>**Chapter 11** |
| **In re:**<br><br>**727 LOFTS HOLDINGS, LLC**<br><br>**Debtor.** | §<br>§<br>§<br>§<br>§ | **Case No. 26-32780-SGJ11**<br>**(Jointly Administered)**<br><br>**Chapter 11** |
| **In re:**<br><br>**REMINGTON RANCH'S BEST LIVING, LLC**<br><br>**Debtor.** | §<br>§<br>§<br>§<br>§<br>§ | **Case No. 26-32804-SGJ11**<br><br>**Chapter 11** |
| **In re:**<br><br>**LOFTS AT NORTH PENN BEST LIVING, LLC**<br><br>**Debtor.** | §<br>§<br>§<br>§<br>§<br>§ | **Case No. 26-32920-SGJ11**<br><br>**Chapter 11** |

| | | |
|---|---|---|
| **In re:**<br><br>**A-V VILLAGE CREEK OWNER, LLC**<br><br>**Debtor.** | §<br>§<br>§<br>§<br>§<br>§ | **Case No. 26-32922-SGJ11**<br><br>**Chapter 11** |
| **In re:**<br><br>**BARCELONA BEST LIVING, LLC**<br><br>**Debtor.** | §<br>§<br>§<br>§<br>§ | **Case No. 26-33093-SGJ11**<br><br>**Chapter 11** |
| **In re:**<br><br>**LOUIS INVESTMENTS, LLC**<br><br>**Debtor.** | §<br>§<br>§<br>§<br>§ | **Case No. 26-33110-SGJ11**<br><br>**Chapter 11** |
| **In re:**<br><br>**WOODLAND MANOR BEST LIVING, LLC**<br><br>**Debtor.** | §<br>§<br>§<br>§<br>§<br>§ | **Case No. 26-33167-SGJ11**<br>**(Jointly Administered)**<br><br>**Chapter 11** |
| **In re:**<br><br>**WOODLAND MANOR TIC 1, LLC**<br><br>**Debtor.** | §<br>§<br>§<br>§<br>§ | **Case No. 26-33168-SGJ11**<br>**(Jointly Administered)**<br><br>**Chapter 11** |
| **In re:**<br><br>**RIDGE BEST LIVING, LLC**<br><br>**Debtor.** | §<br>§<br>§<br>§<br>§ | **Case No. 26-33177-SGJ11**<br><br>**Chapter 11** |

## ORDER TO APPEAR AND SHOW CAUSE WHY VENUE OF ALL ABOVE CASES SHOULD NOT BE TRANSFERRED TO THE WESTERN DISTRICT OF OKLAHOMA

This matter is before the court upon review of the docket in the above-captioned bankruptcy cases and other related bankruptcy cases. The court may, *sua sponte*, transfer a case to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties. *See* 28 U.S.C. § 1412; Fed. R. Bankr. P. 1014(a)(1). For the reasons set forth below the above-captioned debtors (the "Debtors"), along with the court appointed

Trustee, are ordered to appear and show cause why these cases should not be transferred to the United States Bankruptcy Court for the Western District of Oklahoma.

The Debtors filed voluntary petitions for relief commencing the above Chapter 11 bankruptcy cases in the United States Bankruptcy Court for the Northern District of Texas on various dates throughout June and July 2026.[1] The cases were originally split between the three judges in the Dallas Division—ultimately, each of the cases were transferred intra-district to Judge Stacey Jernigan. These cases are a part of a large collection of disputes involving—at minimum—the Debtors, the Debtors' principal Marc Kulick and a variety of entities he created to own and operate several apartment complexes and/or other real property rentals, and YSA Investments 1, LLC. The vast majority of those properties appear to be in Oklahoma. None are in Texas. Four of Kulick's entities earlier filed for bankruptcy in the Western District of Oklahoma. Two entities associated with another Kulich property subsequently filed bankruptcy in the District of Maryland. Still later, on July 28, 2026, YSA (which claims to be a lender that allegedly has an interest in numerous of these same Kulich properties) filed for bankruptcy in the District of Delaware, but its case has since been transferred to the Western District of Oklahoma, by order entered August 14, 2026. This court understands that a hearing is underway this afternoon in Maryland at which a transfer of venue is being considered for the two Maryland entities.

These filings have affected and continue to affect thousands of tenants. This court has held a number of status conferences and has heard concerns from the first lien holders on the properties. During those status conferences, parties-in-interest expressed a desire to have all the related bankruptcy cases before one judge. A multi-day hearing led this court to *sua sponte* appoint a Chapter 11 Trustee on July 28, 2026. The multiplicity of cases in a variety of jurisdictions raises the prospect of inconsistent adjudications and risk of confusion and delay.

---

[1] The first case filed in the NDTX was filed June 25, 2026. The last case filed in the NDTX was filed July 15, 2026.

Accordingly, it is hereby

**ORDERED** that parties-in-interest are invited to file with the court a response on or before 9:00 am CDT on Monday August 17, 2026, showing cause why these cases should not be transferred to the United States Bankruptcy Court for the Western District of Oklahoma. The court will conduct a hearing on this matter at 9:30 am CDT on Monday August 17, 2026, at the same time this court had previously scheduled a Status Conference. The hearing will be held in a hybrid format. Parties may attend in person at 1100 Commerce Street, 14th Floor, Courtroom 1, Dallas, Texas or may attend remotely at the following link: https://us- courts.webex.com/meet/jerniga.

**### END OF ORDER ###**